IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AL-GHANIYY PRICE, | § | |
| | § | |
| Defendant Below, | § | No. 295, 2025 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 2212010900 |
| | § | 2306000465 |
| Appellee. | § | |

Submitted: August 6, 2025
Decided: August 8, 2025

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)    On July 9, 2025, the appellant, Al-Ghaniyy Price, filed a notice of appeal from a Superior Court order denying Price's motion for correction of an illegal sentence, which was dated and docketed on June 2, 2025.  The Senior Court Clerk issued a notice directing Price to show cause why the appeal should not be dismissed as untimely filed.

(2)    In response to the notice to show cause, Price argues that the prison law library procedures are "severely flawed" and hindered his ability to file his appeal on time.  In light of recent amendments to 10 *Del. C.* § 147 and Supreme Court Rule

6, which establish circumstances in which appeals filed by self-represented inmates will be deemed timely filed even if not received in the Clerk's office by the last day of the thirty-day appeal period,[1] the Court directed the State to respond. The State has provided a copy of Price's prison mail log, which reflects that Price sent legal mail to this Court on July 8, 2025. The State asserts that because Price did not place the notice of appeal in the prison mail system on or before the last day of filing, the appeal is not timely.

(3)     The appellate jurisdiction of this Court rests upon perfecting an appeal within the applicable time period.[2] Unless the appellant satisfies 10 *Del. C.* § 147(b)(1) and Rule 6(a)(iii)(C) or can demonstrate that his failure to file a timely notice of appeal is attributable to court-related personnel, a notice of appeal must be received by the Court within the applicable time period to be effective.[3]

---

[1] *See* 10 *Del. C.* § 147(b)(1) (effective May 22, 2025) (providing that an appeal filed by a self-represented inmate who is confined in a correctional institution is timely filed if (1) the inmate's notice of appeal is placed in the institution's internal mail system on or before the last day for filing; (2) the first-class postage is prepaid; and (3) the notice of appeal is accompanied by a receipt from the institution's staff verifying the date and time the notice of appeal was placed in the institution's internal mail system); Del. Supr. Ct. R. 6(a)(iii)(C) (as amended July 14, 2025) (similar). Section 147 also requires prison staff to give the inmate a receipt identifying the staff member who received the inmate's notice of appeal, the date and time the notice of appeal was placed in the institution's internal mail system, and the case number. 10 *Del. C.* § 147(b)(2).

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[3] *See* Del. Supr. Ct. R. 10(a) ("Filing by mail in the office of the Clerk of the Court in Dover is permissible, provided that filing shall not be deemed to be complete until the paper has been received in the office of the Clerk."); *see also* R. 11(b) ("The time for taking an appeal or cross-appeal shall not be enlarged."); *Coverdale v. State*, 2025 WL 1443600, at *1 (Del. May 19, 2025) ("Unless an appellant can demonstrate that his failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.").

(4) Price does not contend, nor do prison records reflect, that he placed the notice appeal in the prison's internal mail system on or before July 2, 2025, the last day for filing an appeal from the Superior Court's June 2, 2025 order.[4] Nor has he demonstrated that the untimely filing is attributable to court-related personnel.[5] The appeal therefore must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[4] Del. Supr. Ct. R. 6(a)(iii), 11(a).

[5] *See Hubbard v. State*, 2025 WL 763597, at *1 (Del. Mar. 10, 2025) (stating that correctional officers and other prison personnel are not court-related personnel).